

FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 2 7 2020

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JEREMY LUCAS**                                                                        **PLAINTIFF**

vs.                                          No. 3:20-cv-<u>341</u>- DPM

**LOVE'S TRAVEL STOPS &**                                                    **DEFENDANT**
**COUNTRY STORES, INC.**

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Jeremy Lucas ("Plaintiff"), by and through his attorneys Blake Hoyt and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendant Love's Travel Stops & Country Stores, Inc. ("Defendant"), he states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the minimum wage and overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper minimum wage and overtime compensation under the FLSA and the AMWA.

This case assigned to District Judge <u>Marshall</u>
and to Magistrate Judge <u>Kearney</u>

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Plaintiff was employed by Defendant within the Northern Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Mississippi County.

7. Defendant is a foreign, for-profit corporation.

8. Defendant's registered agent for service is C T Corporation System, at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

9. Defendant maintains a website at https://www.loves.com/.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in

Case 3:20-cv-00341-DPM   Document 1   Filed 10/27/20   Page 3 of 8

interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as gasoline and food and beverage products.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Defendant owns and operates truck stops and convenience stores throughout the United States, including a location in Blytheville.

15. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

16. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit at its location in Blytheville.

17. Specifically, Defendant employed Plaintiff as a Mechanic Apprentice and Tire Technician from August of 2018 until September of 2020.

18. Defendant classified Plaintiff as non-exempt from the FLSA and paid him an hourly rate.

19. Plaintiff's duties included repairing tires, performing mechanical repairs on trucks and making road calls.

20. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

21. Plaintiff regularly worked over forty (40) hours per week.

Jeremy Lucas v. Love's Travel Stops & Country Stores, Inc.
U.S.D.C. (E.D. Ark.) No. 3:20-cv-_____
Original Complaint

22. Plaintiff regularly worked hours for which he was not paid.

23. Plaintiff estimates he worked approximately forty-five (45) hours per week, but Defendant frequently shaved Plaintiff's hours to reflect approximately thirty-two (32) to thirty-six (36) hours in order to keep the "labor hours" below a certain point for the week.

24. Plaintiff was regularly required to cover shifts for other employees who did not show up for work.

25. Because Plaintiff was required to work hours which went uncompensated, Defendant failed to pay Plaintiff a lawful minimum wage for each hour that he worked or a lawful overtime premium for all hours worked over forty (40) each week.

26. Defendant knew or should have known that Plaintiff was working additional hours off-the-clock for which he was not compensated.

27. At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

28. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.   FIRST CLAIM FOR RELIEF—FLSA Violation

29. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

30. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

31. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

32. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40), unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

33. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

34. Defendant failed to pay Plaintiff for all hours worked, including a proper minimum wage for all hours worked and one and one-half (1.5) times his regular rate for all hours worked in excess of forty (40) hours per week, as required by the FLSA.

35. Defendant knew or should have known that its actions violated the FLSA.

36. Defendant's conduct and practices, as described above, were willful.

37. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

38. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

39. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VI.   SECOND CLAIM FOR RELIEF—AMWA Violation

40. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

41. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

42. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

43. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

44. Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

45. Defendant failed to pay Plaintiff for all hours worked, including a proper minimum wage for all hours worked and a lawful overtime rate of one and one-half (1.5) times his regular rate for all hours worked in excess of forty (40) hours per week, as required by the AMWA.

46. Defendant knew or should have known that its practices violated the AMWA.

47. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

48. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jeremy Lucas respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid minimum wages and overtime wages under the FLSA, the AMWA and their related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA, and their related regulations;

D. An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF JEREMY LUCAS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Blake Hoyt*
Blake Hoyt
Ark. Bar No. 2014252
blake@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com